**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

MICHAEL ALLEN STACY,
ADC #127239                                                                        PLAINTIFF

v.                                                4:17CV00213-JM-JTK

MATT RICE, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

James M. Moody, Jr. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.      Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Stacy is an inmate confined at the Faulkner County Detention Center (Jail), who

filed this pro se 42 U.S.C. § 1983 action, alleging improper conditions of confinement. (Doc. No.

2) He later filed an Amended Complaint, which named only Defendants Rice and Ryals (Doc. No.

4).

Pending before the Court are the Defendants' Motion for Summary Judgment, Brief in

Support, and Statement of Facts (Doc. Nos. 25-27).    Plaintiff filed responses to the Motion (Doc.

Nos. 36-37).

### II.    Amended Complaint (Doc. No. 4)

Plaintiff alleged that Defendants Rice and Ryals violated his rights because he slept on the

floor in the Jail from October 5, 2016, until November 22, 2016, and then for a few weeks in

January, 2017. (Doc. No. 4, p. 3) He also claimed he did not often receive requested cleaning

supplies and that the floor around and under the toilet smelled of urine. (Id.) He stated that because

he suffered a stroke in the past, he was unable to access a top bunk, and ended up sleeping on the

floor often, with three to eight other people. (Id., p. 4)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'"    Webb v. Lawrence County, 144

F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).    "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"    Id. at 1135.    Although the facts

are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for

summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be

a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.    Official Capacity

The Court agrees with Defendants that Plaintiff's monetary claims against them in their

official capacities should be dismissed, because he did not allege that their actions were taken

pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of

unconstitutional conduct.    A suit against a county official in his official capacity is the equivalent

of a suit against the county itself.    Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).    In order

for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and

prove that a written county policy or pattern of widespread unconstitutional conduct was the

moving force behind the unconstitutional actions.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).   Absent such an allegation, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

**B.      Individual Capacity**

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner.   It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact.   McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.   Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]   Defendants are entitled

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."   Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.   Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In this case, Defendants present the Affidavit of Chris Riedmueller, the administrator for the Jail, who states that sleeping arrangements at the Jail are made by the inmates assigned to a particular cell, generally on a first-come, first-served basis. (Doc. No. 27-1, p. 1)   When a new inmate is first assigned to a cell, he will generally have to sleep on his mat on the floor, but all inmates are provided a mat and bedding, and both the bunks and the floors are concrete. (Id.)   In addition, because of a fast turnover in the Jail population, a bunk usually opens up in a very short period of time and is claimed by the inmate who has been on the floor the longest. (Id., p. 2)   He states further that the cell doors generally are left open to allow inmates to sleep in the much larger pod dayroom, unless the inmate is housed in protective custody. (Id.)   In addition, inmates are provided cleaning supplies for their cells. (Id.)

Riedmueller also states that Defendants Rice and Ryals (former Sheriff and Sheriff, respectively) delegate responsibility for day-to-day activities at the Jail to other officers, and were not personally involved in Plaintiff's housing assignments, the sanitation of the housing areas, or in responding to his grievances and complaints. (Id.)   According to Plaintiff's Jail records, he was moved between several different cells on several occasions from October 4, 2016, until April 17, 2017, the date he filed this lawsuit. (Id., pp. 3-5)

In his Responses, Plaintiff states the Jail was unsanitary and that most of the time his requests for cleaning supplies were not granted. He also states while he was in cell 200, the cell above him leaked onto his property and it took a week to get cleaning supplies. He adds that because of his health, he was not able to access top bunks, and that Sheriffs should know the rules

and regulations and be held accountable when those rules are not followed.

Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional.    See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of exposure to unsanitary conditions and the degree to which the conditions are unsanitary. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).   "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).   Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.))

"Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack, 16 F.3d at 957.

Initially, the Court notes that Defendant Andrews should be dismissed, because Plaintiff did not name him or include any specific allegations against him in his Amended Complaint.    The Court also finds that Defendants Rice and Ryals are entitled to qualified immunity, because Plaintiff provides no evidence that they personally violated his clearly-established rights against cruel and unusual punishment. Rather, his allegations against them appear to be based solely on their supervisory positions as Sheriff.    Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions.    See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).    A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.    Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).    In this case, Plaintiff does not allege any knowledge or personal involvement by either of these two Defendants with respect to any of his conditions claims.    In addition, Plaintiff does not specifically state if he was required to sleep by the toilet, and he does not address Riedmueller's statements that inmates are free to sleep outside the cell in the day room area.    Most of Plaintiff's conditions claims are vague allegations which are not supported by any evidence; therefore, the Court finds as a matter of law that Defendants did not violate a clearly established right and that they are entitled to qualified immunity.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment

7

(Doc. No. 25) be GRANTED, and Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 9th day of March, 2018.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE